[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15650
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 98-00834-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK HENRY LOWE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 16, 2009)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Frank Henry Lowe appeals from the district court's denial of his motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which reduced the base offense levels applicable to crack

cocaine found in U.S.S.G. § 2D1.1. On appeal, Baxter, who was sentenced based on his status as a career offender, argues that the district court erred in refusing to reduce his sentence, on the ground that United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009), and cert. denied, __ S. Ct. __ (U.S. Mar. 9, 2009) (No. 08-8554), was wrongly decided because the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), rendered the Guidelines advisory and, thus, gave the district court discretion to reduce his sentence despite the fact that he was sentenced as a career offender. After thorough review, we affirm.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A sentence modification is not consistent with the Commission's policy statements where an

amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Lowe's arguments are foreclosed by precedent. In <u>Moore</u>, we held that where a defendant's base offense level is calculated under the career offender provision in U.S.S.G. § 4B1.1 rather than the drug quantity table in § 2D1.1(c), Amendment 706 does not operate to lower the defendant's guideline range and, therefore, the defendant is not eligible for a sentence modification under § 3582(c)(2). 541 F.3d at 1330. Moreover, in <u>United States v. Melvin</u>, we held that a district court's discretion to reduce a defendant's sentence in a § 3582(c)(2) proceeding is limited by the Sentencing Commission's applicable policy statements. 556 F.3d 1190, 1192 (11th Cir. 2009), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664). Accordingly, the district court correctly determined that it lacked authority to reduce Lowe's sentence, and we affirm.

**AFFIRMED.**